# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WINSTON G. MORRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1961 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of audita querela. The petition will be denied.

On May 28, 1992, a jury found petitioner guilty of conspiring to distribute and to possess with intent to distribute cocaine. See United States v. Morrison, Case No. 4:92CR298(JCH) (E.D. Mo.). On September 1, 1994, after petitioner's original sentence was vacated and remanded by the Eighth Circuit, see United States v. Fetlow, 21 F.3d 456 (8 th Cir.), cert. denied, 513 U.S. 977 (8th Cir. 1994), this Court sentenced petitioner to two-hundred and ninety-two months in prison to be followed by five years of supervised release. The Eighth Circuit Court of Appeals affirmed petitioner's sentence after remand. United States v. Morrison, No. 94-3247 (8th Cir. March 15, 1995). Subsequently, petitioner filed two motions for relief under 28 U.S.C. § 2255: one which was denied on its merits, see Morrison v. United States, No.

4:97CV0924(JCH) (E.D. Mo.), aff'd No. 98-2921 (8th Cir. Feb. 24, 1999); and one which was transferred to the Eighth Circuit Court of Appeals as a second or successive petition, see Morrison v. United States, 4:00CV298(JCH) (E.D. Mo.), authorization to file a second § 2255 motion denied, No. 01-1169 (8th Cir. Mar. 13, 2001).

On December 27, 2004, petitioner filed a request to file a notice of appeal, pursuant to 18 U.S.C. § 3742, in the criminal action. This Court denied the request. And the Eighth Circuit affirmed in United States v. Morrison, 05-1595 (8th Cir. March 10, 2005).

Petitioner now seeks a writ of audita querela under 28 U.S.C. § 1651. Petitioner argues that he should be resentenced because Booker changed the nature of the Sentencing Guidelines. Petitioner further argues, as he has in the past, that the Court may have imposed a shorter sentence if the Sentencing Guidelines had not been mandatory.

The government argues that the petition must be dismissed because the writ of audita querela is not available, as here, where a petitioner may seek redress pursuant to 28 U.S.C. § 2255.

The government is correct. Petitioner may seek relief pursuant to § 2255. See 28 U.S.C. § 2255(h)(2). As a result, the writ of audita querela is unavailable. See United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). Furthermore, "the 'new rule'

announced in Booker does not apply to criminal convictions that became final before the rule was announced." Never Misses a Shot v. United States, 413 F.3d 781, 783. As a result, Booker does not apply to petitioner's sentence. For these reasons, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of audita querela is **DENIED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of December, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE